Good afternoon. Illinois Appellate Court First District Court is now in session. The Sixth Division, the Honorable Justice Sanjay T. Taylor presiding, case number 23-1135, Jamal Taylor v. Cook County States Attorney's Office. Good afternoon, folks. My name is Sanjay Taylor. I'm the presiding judge of the Sixth Division of the First District Appellate Court, and I'm joined by my colleagues this afternoon, Justice Carl Walker and Justice Celia Gamrath. If I can ask counsel to introduce themselves, and counsel for appellant, each side will have 20 minutes in total, and counsel for appellant, let me know how much of that 20 minutes you would like to reserve for rebuttal. Good afternoon, Your Honor. Shelly Geisler for Plaintiff Appellant, Mr. Jamal Taylor, and I'd like to reserve five minutes for rebuttal, please. Okay, thank you, Ms. Geisler, and counsel for appellate? You're muted. Thank you. Good afternoon, Your Honors. Assistant States Attorney Paul Fangman representing the Cook County States Attorney's Office. Okay, thank you, Mr. Fangman. Ms. Geisler, you may proceed. Thank you, Your Honors. This case concerns whether FOIA exemption section 7 1 D 1 categorically exempts a criminal case file during the pendency of a post-conviction proceeding. The court should find that it does not. While I'm happy to answer any questions that Your Honors have about our arguments that we address in the briefing, I'd like to focus on two main points that the parties discuss. The first is that the court should affirm the court's decision in Maciel v. Fox, which held that defendant cannot assert section 7 1 D 1 as a plaintiff. We mean follow Maciel because we're an appellate court. We don't affirm the decisions of the appellate court. Yes, Your Honor. You should follow Maciel, follow the decision of Maciel, which has already held that defendant cannot assert section 7 1 D 1 in a blanket manner in circumstances that are just like this one, where a requester opened a post-conviction proceeding prior to the FOIA request being made. And the second point that I'd like to touch on is that under Supreme Court precedent, the November 17, 2022 discovery order from the post-conviction court is irrelevant, but because it was decided after defendant denied plaintiff's FOIA request. Ms. Geiser, would you concede then that if the FOIA request had been made after the PC court denied the petitioner's request for discovery, then you would not be entitled to the documents under FOIA? No, Your Honor. We wouldn't concede that because the date doesn't matter. The date matters for the purposes of whether it's considered by the court at all, whether it's relevant at all to the court's assessment of defendant's denial of the FOIA request at the time that it denied the FOIA request. And that's from Green versus Chicago Police Department. However, this particular discovery... So the dates do matter then under your theory? The dates matter as far as whether the order is irrelevant. Maybe it would be helpful if I step back a little bit and talk about the particular order in this case. This order was entered five months after the public body denied the request. It occurred entirely after that denial. And what Green says is that the court should look at the circumstances that existed at the time of the denial. And at the time of the denial in this case, there was no discovery order entered by the post-conviction court. Your client had filed a PC petition years earlier, right? And as I understand the exemption... The exemption in Section 7 that you're relying on says that records in the possession of a law enforcement agency are subject to FOIA, but only to the law enforcement proceeding. So it doesn't even have to be pending, right? The law enforcement proceeding in question needs to be pending or reasonably contemplated. I mean, your theory is that the PC petition was a law enforcement proceeding, right? Our theory that we raise in the briefs is that under the plain text, a post-conviction proceeding does not qualify as a law enforcement proceeding. But your honors don't need to even reach that argument to reverse the circuit court's decision and remand the case consistent with the court's decision in Maciel. The discovery... But if you agree that we don't need to reach that argument, let's kind of leave that argument alone and let's get to what really matters. Because what we have here is that this is a blanket exemption that's being used. And that's really your primary argument, isn't it? Yes, your honor. It is our primary... So let's focus on that. And why don't you tell us more about your primary argument? Yes, your honor. So Maciel correctly found, based on Kelly v. Village of Kenilworth and other decisions of this court, that Section 7.1.d.1 does not permit a blanket exemption for law enforcement records. And it held that defendant cannot simply claim that every record that is within a criminal case file is exempt based on a generic claim of interference with a post-conviction proceeding without explaining what records are actually in that criminal case file and explaining specifically with how those records would interfere with the post-conviction. And this is why you're asking that we send this back and have the trial court do an in-camera inspection to determine what should be exempt and what shouldn't. Is that correct? That would be one option, your honor. Yes. Give us your other options. Another option would be for the public body to... It's unclear to us to what extent the public body at this point has reviewed all the records in the criminal case file because we just don't know what records there are. Yeah. Based on the record, it appears that they didn't. It seems to me that they just ascertained that the post-conviction proceeding was pending and that there had been a request there that had been denied. And then that was the basis for the affidavit suggesting the request should be denied. Isn't that correct? Yeah. Yes, your honor. That's our understanding and our belief about what happened. And Ms. Geisler, is an index appropriate if this was to go back down? Is that what you're suggesting? That the agency do an index and do an affidavit to explain other exemptions that weren't asserted? That's another option, your honor. We don't have an index for these records and we don't know what is in the criminal case file at this time. I think really if they were to go through the file, determine what's in it, there might be some things that come up that are just simply not exempt at all. And so those should just be produced outright if that were to happen. If that doesn't happen, an index can help guide plaintiff's understanding of what is in the criminal case files that plaintiff can make reasonable arguments as to those exemptions. It can also inform the circuit court's ability to review these records in camera and make a determination to the extent that any of these records would interfere with the post-conviction proceeding. But kind of- What about other exemptions? So it seems to me that the state's attorney just took this exemption, did a blanket denial. Did they preserve their ability to assert other exemptions? So if we agree with you and say it's not exempt under that subsection, can they come and say, well, we certainly can't turn over things that would be private information. We certainly can't turn over things that these clear exemptions like work product would apply to and so forth. Help me with that. Yes, Your Honor. So I did go back and look through the record and I haven't been able to find a circumstance where the state's attorney explicitly said that they reserved a right to raise other exemptions later on. But I think the procedure for that, to the extent that that's something that they would want to do, would be to move to amend their answer in the circuit court in order to potentially raise those exemptions. Right now, we're faced with a circumstance where we have a criminal case file. There may be all kinds of information in that file and we don't know what's there. And it's not entirely clear to us that defendant knows what's there either. So it's possible that other exemptions to protect privacy, identities maybe of witnesses, attorney-client privilege information, those might be things that need to be appropriately raised. But it's something that we haven't even reached at this point. And I don't think that finding for Mr. Taylor today would... Ms. Geisler, your FOIA request is for the entire case file. And if I understand the discovery request in the PC court was for the blueback of the felony review folder and the subpoenas filed by the state per subscriber information. So the first thing I'd like to ask you is, I think I understand what the blueback is, but tell me what the blueback is. My understanding of what a blueback is, is it's notes that the state's attorney may take while they are working on the criminal case. And so would that be typically something that's in the case file? I believe that it's possible it could be. And would the subscriber, the subpoena for the subscriber information be in the case file as well? I think that that's also something that could potentially be in the case file. But as... And you would acknowledge that under the PC Act, there's a specific procedure for discovery. And if we were to agree with you that you're entitled to the case file under FOIA, we would effectively be doing an end run around the PC court's ruling that your client has not established good cause for the blueback or the subpoenas. No, your honor. We wouldn't agree with that because the good cause requirement is something that's only incumbent on Mr. Taylor or a similarly situated plaintiff within the bounds of the post-conviction court proceeding. Good cause is a requirement that the petitioner must meet in the post-conviction court in order to show that the court should order the state's to produce certain materials through discovery. And that doesn't say anything about what sorts of information that the petitioner can obtain through public sources, which FOIA would just be another example of. So, your position is that FOIA can serve as an end run around the PC court? Since Taylor, I think we're having difficulty. Yes, barely. Barely. Okay. I'm going to try to speak up. And what I want to know, Ms. Geisler, is it sounds like your position is that FOIA can serve as an end run around the PC court's ruling. I don't know that it would be an end run around the PC court's ruling at all, because these materials are available to anybody. Basically, the state's attorney's position is that these materials could be obtained through FOIA by anyone except Mr. Taylor, because he opened his post-conviction proceeding first. I'll certainly ask the state about that, because I understand your point that a lot of this can timing. If you hadn't filed a PC and simply sought to FOIA the records, there wouldn't be anything to, quote, interfere with. But here you have a PC that's pending, and you're seeking the same records, or at least a subset, or actually you're seeking more records than, well, you're seeking records that presumably would include the blueback and subpoena for subscriber information that had already been denied to you. That's correct, Your Honor. But those records weren't denied prior to Mr. Taylor filing his FOIA request and prior to the state's attorney denying that request. Except if this does go back down and the state's attorney amends its answer, surely we have to look at it in real time. And if there's an order out there pertaining to discovery that bars discovery of those sort of things, isn't that one of the exemptions that they could assert that it's not permissible under a court order? That is an exemption that they could assert, and I think our position would remain that that court order is irrelevant to the consideration of the original denial under Greene. However, if that were to be a consideration on the remand, the discovery court's order, as Justice Taylor has pointed out, is only limited to two specific narrow types of information, and that says nothing about what else could possibly be in the criminal case file and what else could be public information that should be released through FOIA. Justice Taylor, I can't hear you. I can't either. Can you hear me now? Yes. Thank you. The difficulty I'm having with your position, Ms. Geisler, is that if you look at the U.S. Supreme Court's decision in NLRB, that's all about discovery procedures. And in the NLRB, there are specific discovery procedures that don't permit witness statements to be disclosed prior to a hearing. Here, we have a PC Act that has a discovery procedure. You have a burden to show good cause. And if we were to follow your argument here, in every PC case, a PC petitioner would say, don't worry, Judge, I'm not going to spend any time seeking discovery before you because I could just go to through FOIA and get the same documents, and I don't even have the burden. The state has the burden, whereas under the PC Act, I have the burden. And so that's the difficulty I'm having. Every PC petitioner will then seek discovery through the FOIA Act. And I don't know, Your Honor, that that would be a circumvention of the PC proceeding. I think that our position is that FOIA and the Post-Conviction Act can actually work symbiotically. If we look at a post-conviction case... Well, but this case is an illustration of when it can't, right? Because among the documents you're seeking in your FOIA is the blue back and the states, the subscriber information, which the PC court, rightly or wrongly, has denied you. That's correct, Your Honor. But the scope of that discovery order would not be disturbed by allowing a FOIA petitioner to obtain documents through FOIA, as to the whole criminal case file. The requirements, the good cause requirements... So you're not conceding that, just so I understand your position, your position is that you are still entitled to the blue back and the subpoenas under FOIA. You're not conceding that those documents are not discoverable or not subject to FOIA. If the court accepts our argument that the order is irrelevant under Green v. Chicago Police Department, then yes, that is our position. If the court does not accept that argument, then what is in the criminal case file, the blue backs and the subpoenas would only be a small subset of what is in the criminal case file. Ms. Kessler, you agree, though, that they may be exempt for other reasons. There may be another reason that the court, besides the fact that the post-conviction court has already denied that motion, there may be another reason that the Chancery Court may still find that they shouldn't be disclosed. That's certainly possible, Your Honor. And it's just something that the circuit court never had an opportunity to do during the pendency of the circuit court proceedings. Because the real issue that we have here is this blanket exemption, that just everything is exempt. And that's where we have a problem. Yes, Your Honor, that is the with defendant's position. And it is the issue that we've brought up on appeal today. So, Ms. Kessler, you had said that we don't really need to reach that issue as to whether a post-conviction petition is law enforcement proceedings. I think we should, and I think we, that that is important. You want us to adopt Macchio and follow that. They said it is a law enforcement proceeding. You disagree with that? Yes, Your Honor. We did disagree with it for the reasons that we discussed in the briefing. And we disagreed with it. I think Macchio only addressed the issue of whether the state's attorney is conducting a law enforcement proceeding. It didn't address the definition of law enforcement proceeding, which is why we agree with the argument. So, would you agree that if this was a direct appeal, that would be a law enforcement proceeding? A criminal case on direct appeal? Yes, Your Honor. We would agree with that. What about if it was a writ or a habeas proceeding? I don't know that I am equipped to speak directly to a habeas proceeding today, but I think that if it's something that is civil in nature, like what a post-conviction case is, as the courts have discussed, then that's not an attempt by the state's attorney to enforce a criminal law. And that's how the concept of law enforcement proceeding is ordinarily understood. Well, the law enforcement proceeding here certainly involves the state's attorney's office, correct? And the end game is to get a new trial. So, wouldn't that be considered a law enforcement proceeding under FOIA? I don't think so, Your Honor, because the cases do describe that post-conviction proceedings are civil in nature. FOIA doesn't say criminal proceedings, it says law enforcement proceedings. That's correct, Your Honor. In Watford, the 5th District case, I understand the distinction in timing that you've drawn, Ms. Geisler, but it's a really similar case here, and the court didn't even reach the meaning of the exemption. The court said, following our Supreme Court's decision and special prosecutor, FOIA can't be used as an end run around the PC Court's discovery ruling. Yes, Your Honor. And as we discussed in the briefing, we do think that Watford v. Roe was incorrectly decided. We think that it did incorrectly interpret the Supreme Court's holding in Inree's special prosecutor. Inree's special prosecutor only involved an injunction, and therefore, in that case, it wasn't a wrongful withholding for the city to withhold records in response to a FOIA request because there was a court order specifically prohibiting release. In the Watford case, there was a discovery order that denied the ability to obtain those specific documents only because they hadn't shown good cause. It didn't put any prohibition on the petitioner from obtaining those documents any other way through FOIA. There was no court order akin to that injunction akin to that in Inree's special prosecutor. Thank you, Ms. Geisler. Your time is up. We'll turn to Mr. Fangman. Thank you, Your Honors, and may it please the Court. I'll just jump right in. The Supreme Court in People v. Fair established the standard for the Post-Conviction Hearing Act as it comes to discovery. The standard is that the discovery rules are neither civil nor criminal, that the post-conviction judge has inherent authority to order discovery, that the judge must exercise caution because the question before the judge is limited to a review of constitutional issues that may have escaped the judge, the criminal trial review. The court in Fair... Let me stop you there because we understand all of that, but what if it wasn't this particular individual who issued the FOIA request? What if it was some third party on the street who asked for these very same documents? What would you say? The way that the FOIA requests would work is that the state's attorney's office would still be the recipient of the FOIA request in your hypothetical. That person wouldn't be asking for records from a police department or some other agency. They would come to the FOIA office at the state's attorney's office. So the FOIA officer would review the request, and if the request is from Jamal Taylor and Jamal Taylor has a pending PC, it would be denied. If the request is from Loewe and Loewe and it says, I'm submitting this request on behalf of my client, Jamal Taylor... No, let's say it was Sam Smith. Sam Smith, a stranger to this person. It would not be denied. The state's attorney's office would produce the file because there is no indication that the legal issue that's at issue here would be enacted. So then couldn't Jamal Taylor hold off filing his post-conviction petition, ask for the file, get it, and then do what he wants with it? Yes, he could. And he also could, once his PC is done, his habeas is done, his appeals are done, he could also ask for the file and he would get it as well. Would there be any exemptions that you'd assert or would you just turn it over, blew back and all? We would not be asserting the 7-1-D-1 for sure because there would be no pending matter. We would, of course, be asserting exemptions to prohibit grand jury testimony, HIPAA records, deliberative process, all of the normal exemptions. Yes. So don't you think it's risky that the state's attorney only relied on this one exemption? What if we disagree with you? Are you turning over this whole file? Did you waive your ability to assert other exemptions? I agree with Ms. Geisler on the issue. The matter before this court is the motion for summary judgment that was granted on our behalf. If the MSJ was overturned, the circuit court would entertain our motion to amend our answer and affirmative defenses and we have had hearings on those issues in other cases and we would hope that the court would allow that. So you're probably familiar with the Second District case, People v. Castle, where the defendant obtained his criminal records and he learned of evidence that his attorney had never shared with him and subsequently the Second District did the right thing in that case. So it comes back to where Justice Gammuth was taking you to, that it seems to me that they should be able to, whether they do it before they file their post-conviction petition, or whether they do it after the post-conviction petition was filed, there seems to be that there would be some information that simply would not be exempt. And you seem to take the position, agreeing with what the circuit court has done, is that agreeing that everything is exempt. Is that correct? Is that your position? No, our position is not that the records are, that there's a blanket exemption at all. Our position is that enacting the, allowing the Floyd Act to be used in this matter would, it wouldn't do an end run around the PC judge's ability to manage discovery. It would completely extinguish it. It would supersede it. It would be in the nature of a federal exemption where it fills up the field. But that possibility is already there because the example that Justice Gammuth just gave you, that had he simply requested these records last year, filed his post-conviction petition in January of 2025, he'd be fine now. He'd have all those records already, and records that may be helpful to him to help him see that there's a reason that his case should be before the court. There's a reason that maybe he should be going back for a new trial, or whatever the case might be. If an individual submits a FOIA request and there's no pending trial court matter, or PC matter, we would produce the records. And I would agree 100% that any individual who anticipates filing something, but doesn't indicate that to the state's attorney's office, there's no exemption because there's no proof that that, the focus is on the PC judge's ability to manage his court. And the Supreme Court has outlined in the field case, I'm sorry, the fair case, and 27 other cases that cite the fair case, how important that caution is in the PC judge's ability to order discovery. The Supreme Court repeatedly warns that there's the opportunity and the risk for a phishing expedition, for a burden on the parties. The focus of the state's attorney's office in this case is not on a blanket exemption. That's not what we're asserting at all. We're trying to maintain the ability of the post conviction court to manage the discovery that the Supreme Court has clearly told them that they must. They must carefully review it because there's the risk of the parties over inserting discovery. Mr. Stangman, how would the production of the case file under FOIA interfere with the PC case? So you mentioned earlier that the blue back was at issue in that prior order. This case, of course, Jamal Taylor is still pending in post-conviction court. It was up in court this morning. I don't know what happened, but I do know that Mr. Taylor is represented by an attorney who has filed motions for discovery. And he is currently seeking a very extensive list of documents from the state's attorney's office in discovery. But that's not in the record here. All we have in the record here is that he sought the blue back and the subpoenas. So we have those two documents or groups of documents. That's all we have. And so my question is, I just don't see how there's an interference here. I understand that there may be some conflicting decisions with respect to the documents, and I get that, but where is the interference? So Judge Mary Margaret Brosnahan, who is in charge of Mr. Taylor's post-conviction petition, is charged with the Supreme Court of determining whether or not there's good cause. And she has to use several elements. She has to review the length of time between the conviction and the PC, the issues that are presented in the PC, the burden of discovery on the state and the witnesses, the availability of evidence through other manners. The burden on the state in that case is very different from the burden of an agency under FOIA. FOIA says, give it all. It's about transparency. You've got these timelines. We know it's very burdensome on agencies, but that's what the legislature has had. So there is no indication that FOIA says, except for when there is some other rules or interest that say discovery is limited. FOIA doesn't mention that at all. And so there is no prohibition that I could see where an individual cannot be pursuing one or more matters simultaneous. FOIA is a very different animal than the PC petition. You're right. You're absolutely right, Justice Gamrat. The issue is the legal issue of how this would interfere. That's 7-1-D-1. We're dealing with 7-1-D-1. And the way that this would is it would completely extinguish Judge Brosnahan's authority to make any rulings at all. If this FOIA officer or if this court had made a decision two years ago, the motions that are before Judge Brosnahan today would be null and void. It would be useless. But Mr. Fangman, that's just not true, what you're saying. The reason why is that you could still, the state's attorney could still ask that the information that the post-conviction court has said should not be released, we're asking you, Chancery Court Judge, that we not turn that over. So, you know, when you say that it totally just evaporates this, it's just not true. It's a misstatement. So, because we've given you the way around it. Now, you also raised this issue about the misuse of information and photos regarding victims. You agree that that's not an issue in this case, correct? At this point, yes. No, we don't. That's not an issue. So, let's not make that argument anymore. But we're going to allow you to finish up because you're kind of starting to run out of time as well. I know this is going to cut you off in a minute. Oh, can I just ask one more question? Mr. Fangman, the courts who are dealing with FOIA requests are very sensitive to other valid court orders. And that is one of the exemptions that you assert. So, you know, you have an order from Judge Brown's hand that says you cannot get this. So, I suspect that if this were to go back down, were you to get leave to amend, you would be asserting that order and there would be no interference that would work in block step. That's not really the best workaround in this case because our assertion is not the 7181 other court order. It's 71D1 interference. But your argument, Mr. Fangman, is that this FOIA action interferes with the discovery process that the General Assembly has prescribed for PC petitions. Is that what your argument is? They're completely contradictory. The two interpretations of the FOIA Act and the post-conviction discovery list line of cases cannot exist together. If this court orders FOIA production during the pendency, all of those cases are not applied at all. The judges in the post-conviction courts can be overturned. Their decisions don't really apply because the FOIA officer at the state's attorney's office will be whether the state's attorney's office can meet a burden of clear and convincing instead of whether the post-conviction petitioner can meet a burden of showing good cause. There's two opposite burdens. The FOIA Act would militate that we produce all of the records because it's a transparency act. I postulated with Ms. Geisler that if we were to agree with her, then every petitioner would go straight to FOIA to obtain discovery and would not ask for discovery from the PC court. I'm not sure if she agreed with that. What's your position on that? Yes, that would absolutely happen. I don't think that's a parade of horribles that anyone has to take a guess at. I think it would have serious consequences on the post-conviction proceedings that are pending. It would upend the Supreme Court's direction for the post-conviction judges to cautiously weigh discovery. Mr. Fangman, you've already agreed that that's true. Regardless of what we do in this case, that's still true, correct? No, I'm not sure I followed. You just agreed as Justice Gamert walked you through this. You just agreed that if someone simply filed a FOIA request in July of 2024 and then in February of 2025, they filed their post-conviction petition, they've already got everything that they would otherwise ask for. It's already the case, right? The most that any government entity can do, including the state's attorney's office, is look at the request that's in front of them. The FOIA officer in this request had clear evidence that a post-conviction petition was proceeding. That's how the decision came to be. You're absolutely right. I'm not disagreeing at all. A smart post-conviction petitioner, a smart criminal trial defendant, somebody who's completely finished with all of their possible appeals but wants to look at their entire file to see if there's any possible other avenue, they all can seek their records and we will produce them. That's not the issue here that's in front of this court. The issue in front of this court is whether a pending post-conviction proceeding will be interfered with by the FOIA Act, which comes in and takes up the field in terms of the post-conviction judge's discretion. So your argument, if they accept your argument, all that means is that before they file their PC, they're going to FOIA the records, right? I don't disagree with you, Your Honor. That could happen. Again, that's not what's happening here. No, I understand that. Anything else, Mr. Fangman? I would like to briefly suggest that, as Justice Gamreth was asking, we obviously believe that the post-conviction proceeding is a law enforcement proceeding under 7.1.d.1 and our brief attempt addresses those aspects with the definition. I believe that our brief follows that. I do want to address collateral estoppel because that was brought up in the reply. We believe that the restatement second of judgments clearly gives this court the ability to revisit the McKeel case and that order that was issued because the government is a party and that a government agency responsible for continuing administration of a body of law applicable to many similarly situated persons is the language from the second restatement. So we would ask the court to not entertain the collateral estoppel argument. Mr. Fangman, you argue the exemption, but the Watford case from the Fifth District didn't even reach the exemption. It followed its reading of special prosecutor and say you can't, a FOIA can't be used in this manner where there's an injunction in place, a court order in place. So is your argument, do you still stand on the exemption or are you following the reasoning of I think Watford is a good guidance. We are not standing on Watford. We are standing on 71D1 and I guess we would just say that the post-conviction court is a unique court. It's not a trial court. It's not a police investigation that's been ongoing for 50 years. There are not specific records that you can look at and determine whether that record would impact some type of proceeding. The interference that we're talking about is not record by record and it's not a blanket exemption. It's the fact that it would interfere with the post-conviction act. So to answer your question, Justice Taylor, I don't believe that there's a specific case on point. I think that this court has the unique opportunity to review the interaction of these two important distinctions, the post-conviction hearing act and the incomplete contradiction at this point. I don't understand how you're saying you're not asserting a blanket exemption. This screams blanket exception. Nobody looked at a document, the affidavit simply say this is pending and we're denying the request. Isn't that the like a definition of a blanket exertion of an exemption? I don't think so, your honor. I believe that let's say page two or page three of the 3,000 pages in the file would have a specific exemption that would apply and page 3,050 would also have a specific exemption that would apply. What the state's attorney's office is not saying that we are we are asserting a specific exemption on each record. What we're saying is that the FOIA officer who receives this request is not looking at each record and seeing if a good cause showing has been made by the post-conviction petitioner. She would be looking at the entire file to see if production of that file would interfere with the running of a post-conviction courthouse. We're not looking at it record by record. I think plaintiff's suggestion that we could file an index of exemptions, it would still put all of those responsibilities, it would take them away from the post-conviction judge and put them in the FOIA officer's hands to determine if that record, if there's a good, the good showing cause, of course, would just go out the window. But you do that, you do that all the time when there are law enforcement proceedings pending. You can't just cite 271D1. You have to go through each document and say this would interfere, this wouldn't. So, for example, if there is something in that file, which I'm sure there is, that was already published and of public record because in the first trial, how on earth would that possibly interfere with the pending proceeding? I agree with you. And that's why I say that the post-conviction proceeding is completely unique because discovery is not the same animal it is in the trial court. In the trial court, the discovery rules encourage completely open production of records. In a police investigation, the needs of protecting the witness's identity, ensuring that witnesses testify correctly, those are different needs. Here, the post-conviction court doesn't have those same requirements. There's not a discovery process like there is in the trial court. There's not investigation concerns like there is in a police department FOIA. It's simply the possibility for abuse is explicitly stated by the Supreme Court in this state in many, many cases. And so, post-conviction judges are urged to proceed with caution and limit discovery. Discovery is limited in a post-conviction case. So, that's what we're asking this court to do is take into account the nature of that court. It sounds like an issue for Springfield to insert a whole new exemption that says no FOIA when there is a PC petition pending. You're correct, Your Honor. There is no definition of interference in the FOIA Act. And typically, interference would be shown on a document-by-document basis. But I believe that this court has the evidence in front of it to make a determination that it's not a blanket exemption that we're arguing that production of this request would make the post-conviction judge irrelevant. It would completely subsume their job when it comes to discovery. And I just don't agree with you on that, that it would make it totally irrelevant. It would just be a matter of, we've already all agreed, you even agreed, that there's already an end-run around this. So, whatever we do today won't change anything. I hear you and I agree with you that a smart individual can time their request. But again, that's not what's before this court. This court is dealing with Mr. Taylor, who's made FOIA requests during the pendency of his discovery request in a different court. So, there's two courts, there's two judges, there's a FOIA officer. A FOIA request, though, as Ms. Gessler has already argued, which I agree with her, a FOIA request that was made after the post-conviction request was the request for discovery in the post-conviction case was made after the FOIA request. So, therefore, that should have no impact on what should be disclosed in the FOIA because they should have dealt with that already prior to the post-conviction judge issuing her ruling. Correct, Your Honor. And we are not looking at this as a court order. Again, that case that we cited is good guidance, but it's not on point. It's not directly on point. Our case doesn't revolve around a specific order. It revolves around the entire direction that the court has given to the post-conviction judges to cautiously limit discovery at the different three stages of post-conviction proceedings. Okay, thank you, Mr. Fang. I do have one final question, though. Do you know when, during the PC case, that Mr. Taylor asked the state to produce the documents? I know there was a motion that was filed on October 14, 2022. Is there anything in the record indicating when, if at all, prior to that date that Mr. Taylor had made the request? Again, the motion to compel was filed in October 2022, so I assume that there was some request made of the state before that. I don't believe there's anything in the record. Okay, thank you. Thank you, Your Honor. Ms. Geisler, your reply? Yes, Your Honors. I would like to talk briefly about the good cause requirement because Mr. Fangman touched on that, and I'd like to talk about the Supreme Court's requirements for showing good cause. There's four things that a petitioner needs to do in a post-conviction proceeding to show good cause. A good cause ruling depends on four things. The scope of the discovery sought, the length of time between the conviction and the post-conviction proceeding, the burden of granting the discovery, and the availability of the desired evidence through other sources. The Fair case, which Mr. Fangman has discussed, talked a lot about discovering through public sources evidence of judicial corruption and how those public sources furthered the petitioner's claim during the post-conviction proceeding. CASEL is another example of public information that was used to further the post-conviction claim. Those records were obtained through FOIA. The burden for showing good cause in the post-conviction proceeding, that only applies within the post-conviction proceeding. There's nothing in these requirements that says that a petitioner cannot see information that is public information, and that's what FOIA is. It's just simply another tool for obtaining public information. Interference in a post-conviction proceeding would be telling the post-conviction court how to rule on certain things, and fighting for Mr. Taylor today would not do that. The judge would still have the to determine if Mr. Taylor or any other petitioner has shown good cause for materials that are sought within the bounds of the post-conviction case. This goes to a lot of the cases that we discussed in the briefing, talking about how discovery and FOIA are different tools, and what you may be able to obtain through one, you can't necessarily get through the other, or you may not be entitled to through the other. Finding for Mr. Taylor today and remanding this case would be consistent with that consistent body of case law, and it would only further FOIA's role as a public information source, and works in a symbiotic relationship with the post-conviction hearing act. The only other thing that I want to touch on is this is a prime example of a blanket exemption. Our client requested a criminal case file, and that case file was entirely denied because it was said that releasing anything from the file would interfere with the post-conviction proceeding. There was no discussion of what was in the file, no discussion about how any specific documents would interfere. That's a prime example of a blanket exemption under Kelly, and under Ballou, and under Maciel, and so there's no reason for this court to treat Mr. Taylor's case any different than how the court treated Maciel. So we ask today, unless your honors have any other questions for me, that you follow the decision in Maciel and remand this case, reverse the judgment of the circuit court and remand this case for further proceedings. And what would those further proceedings look like? I think your honor, we talked about potentially three options. One option would be that the file could be given to the circuit court for an in-camera review to determine. What would the court review? Would the court just start advocating its own exemptions at that point? Because there's, I mean, there's nothing else that's been asserted. I agree, your honor. I think it would be a difficult in-camera review because we just simply don't have guidance on how any specific materials would interfere. So perhaps a better way of dealing with this would be to have the state's attorney determine what is actually in the criminal file, produce an index, produce any information that's not exempt, that doesn't fall into any exemption that they would claim. If they want to claim new exemptions, perhaps they would need to file a motion to amend an answer and assert new affirmative defenses to shore up those exemptions. And then we'd be move forward on that basis and we'd be able to make arguments as to any other exemptions that may possibly apply. But at this stage, we're in the dark and the circuit court is in the dark as to what's in this file and even to how we should be thinking about interference. Okay. Thank you, Ms. Dyser. I'm sorry, your honor, I'm not able to hear you. I'm not sure why the internet connection on my end is so poor today, but thank you for your submissions. The matter is taken under advisement and the court will issue a decision in due course. Thank you, your honor.